**UNITED STATES of America,**
**Appellee,**

v.

**Clint WALKER, Defendant–Appellant.**

**No. 05–5535–cr.**

United States Court of Appeals,
Second Circuit.

Sept. 8, 2006.

M. Kirk Okay, The Okay Law Firm, Batavia, NY, for Appellant.

James P. Kennedy, Jr., Assistant United States Attorney (Terrance P. Flynn, United States Attorney, on the brief), United States Attorney's Office for the Western District of New York, Buffalo, NY, for Appellee.

PRESENT: Hon. JOSEPH M. MCLAUGHLIN, Hon. JOSÉ A. CABRANES, Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Defendant Clint Walker appeals from the sentence principally of 35 months of imprisonment imposed on him following his plea of guilty to one-count of violating 21 U.S.C. §§ 841(a)(1) and 860(a) by possessing with intent to distribute and distributing cocaine base within 1,000 feet of a public housing facility. We assume the parties' familiarity with the facts, the issues on appeal and the procedural history.

The plea agreement the parties had entered into treated Walker as being in criminal history category as III, but the Presentence Investigation Report ("PSR") indicated that he was in criminal history category IV. Accordingly, at offense level 17, the PSR contemplated a Sentencing Guidelines range of 37 to 46 months of imprisonment. At the sentencing proceeding on September 23, 2005, Judge Elfvin noted the inconsistency between the PSR and the plea agreement, decided to consider Walker in criminal history category III, and adopted the Guidelines range contemplated by the plea agreement-namely, 30 to 37 months of imprisonment. Walker's counsel sought a non-Guidelines sentence but Judge Elfvin rejected the request and imposed a Guidelines sentence. The written judgment, which was entered on September 27, 2005, adopted the PSR but modified the Guidelines calculation to reflect that Walker was in criminal history category III.

We disagree with Walker's contention that the District Court committed procedural error by failing to make specific findings with respect to each of the factors enumerated in 18 U.S.C. § 3553(a). *See United States v. Fernandez*, 443 F.3d 19, 34 (2d Cir.2006) ("[T]he sentencing judge need not address on the record each of the 18 U.S.C. § 3553(a) factors, nor each argument that a defendant makes with reference to those factors, in order to comply with her obligation to consider the factors."). Walker has pointed to nothing in the record that overcomes our "strong presumption that a sentencing judge has taken properly presented arguments into account and considered all the § 3553(a) factors in the course of imposing a sentence." *Id.* at 34–35. We also find unpersuasive Walker's argument that in light of all the circumstances presented his sentence was unreasonable. *See United States v. Crosby*, 397 F.3d 103, 114 (2d Cir.2005) (sentences reviewed for reasonableness).

The government asserts that it "is constrained to concede that Judge Elfvin did not at the sentencing proceeding comply with 18 U.S.C. § 3553(c)[,] which mandates that the district court 'state in open court the reasons for its imposition of the particular sentence.'" Gov't's Br. 11. Walker does not, however, seek a vacatur and remand on the basis of a violation of § 3553(c), and we therefore need not address the issue. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir.1998) ("Issues not sufficiently argued in the briefs

are considered waived and normally will not be addressed on appeal.").

We have considered all of defendant's arguments on appeal and find them to be without merit. Accordingly, we hereby AFFIRM the judgment of the District Court.